IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY L. AVERETTE,<br>    Plaintiff,<br><br>v.<br><br>DANVILLE CITY JAIL<br>MEDICAL DEPT., *et al.*,<br>    Defendants. | Civil Action No. 7:19-cv-00707<br><br>By: Elizabeth Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

    Ricky L. Averette, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. He names two defendants: "Danville City Jail Medical Dept." and Dr. Wang, a physician at the jail. His complaint is brief. In it, he alleges that his "medication was changed to a medication [] which has [been] recalled, because it was proven to cause cancer after notifying med. Dept." He also states that Dr. Wang would not change Averette's medications and told the nurse to continue them, even though "he knew . . . it was cancer causing." Averette asks for monetary damages for "potential cancer damage." (Dkt. No. 1 at 2.) He offers no other detail or factual allegations in support of his claim.

    Upon review of Averette's complaint, the court conclude that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal

involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The first named defendant, the "Danville City Jail Medical Dept.," is not an entity capable of being sued or a "person" for purposes of § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992) (holding a jail is not a person subject to suit under § 1983. Accordingly, Averette fails to state a claim against that entity.

As to his claim against Dr. Wang, the court construes it as alleging a violation of Averette's Eighth Amendment rights. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that the defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. *Russell*, 528 F.2d at 319 (citing *Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971)). Instead, the prison official's conduct must be so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Mere negligence or malpractice does not rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 106.

In this case, Averette contends that Dr. Wang continues to prescribe him a medicine that he alleges has been recalled and causes cancer. He does not provide the name of the medicine or what condition it is treating, nor does he allege that the drug has been taken off the market due to any supposed risk. An allegation of recall could apply to only specific brands of medicine or might be limited to a specific time of manufacture. *See, e.g.*, *Recalls, Market Withdrawals, & Safety Alerts* (Jan. 27, 2020), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts (indicating some *brands* of medication containing amlodipine in combination with other drugs were recalled in 2018 or 2019, based on concerns that they might contain impurities). In the absence of any additional information about the "recall," Averette's claim appears to be merely a disagreement with Dr. Wang's medical decision—that the benefits of the prescribed medicine for whatever condition is being treated outweigh any associated risks. That does not state an Eighth Amendment claim. *See Wright*, 766 F.2d at 849. Moreover, Averette does not allege that he has actually suffered any damages as a result of the prescribed medication, only that he "potential[ly]" has "cancer." In short, he has failed to allege a violation of his Eighth Amendment rights so as to state a plausible claim under § 1983.

For the reasons set forth above, Averette's complaint in its current form is subject to dismissal. In consideration of Averette's status as a *pro se* litigant, however, the court will give Averette an opportunity to amend his complaint, if he wishes to do so, in order to correct

3

the deficiencies noted in this opinion. If he elects to amend, he shall do so within thirty days after entry of the accompanying order. Alternatively, if he needs additional time to prepare an amended complaint, he may move to voluntarily dismiss his case and file his claims in a new and separate action.

An appropriate order will be entered.

Entered: February 3, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge